Andrew J. Weissler (343145)
aj.weissler@huschblackwell.com
ALLISON M SCOTT (305989)
allison.scott@huschblackwell.com
**HUSCH BLACKWELL LLP**
300 South Grand, Suite 1500
Los Angeles, CA 90012
Telephone: (213) 337.6550
Facsimile: (213) 337.6551

Attorneys for Defendant
Conagra Brands, Inc.

## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF CALIFORNIA
## FRESNO DIVISION

| | |
|---|---|
| MICHELLE SNOW,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>CONAGRA BRANDS, INC., and DOES 1 through 50, inclusive,<br><br>　　　　　Defendants. | Case No.: 1:22-at-433<br><br>**NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. §§ 1332, 1441(a-b) AND 1446; DECLARATION OF ALLISON M. SCOTT**<br><br>**(DIVERSITY JURISDICTION)**<br><br>(Filed concurrently with the Corporate Disclosure Statement; Civil Cover Sheet; and Declaration of Sonia Waiters) |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant Conagra Brands, Inc. ("Conagra"), by and through its counsel, hereby removes this action to the United States District Court for the Eastern District of California, Fresno Division. As grounds for removal, Conagra states as follows:

## I.   BACKGROUND

1. On April 5, 2022, Plaintiff Michelle Snow filed a Complaint against Conagra and DOES 1 through 50 in the Superior Court of California in and for Stanislaus County, entitled *Michelle Snow v. Conagra Brands, Inc., et al.*, Case No. CV-22-001481 ("Complaint").

2. Conagra was served with a copy of the Complaint and a summons from the state court on May 10, 2022. A true and accurate copy of all the documents served on Conagra in this case to date are attached as Exhibit A. Under 28 U.S.C. § 1446(b), this Notice of Removal is timely because it was filed within 30 days of service of the Summons and Complaint on Conagra.

3. The Complaint alleges fourteen causes of action: (1) Failure to Provide Meal Periods in Violation of California Labor Code §§ 226.7 and 512, and IWC Wage Orders No. 5 and 9; (2) Failure to Provide Rest Periods in Violation of California Labor Code § 226.7 and IWC Wage Orders No. 5 and 9; (3) Failure to Provide Accurate Wage Statements in Violation of California Labor Code § 226(2); (4) Unfair Competition in Violation of California Business and Professions Code § 17200 *et seq.*; (5) Harassment on the Basis of Mental Disability in Violation of FEHA; (6) Discrimination on the Basis of Mental Disability in Violation of FEHA; (7) Failure to Engage in the Interactive Process in Violation of FEHA; (8) Failure to Make a Reasonable Accommodation in Violation of FEHA; (9) Failure to Prevent Discrimination and Harassment in Violation of FEHA; (10) Retaliation in Violation of FEHA; (11) Whistleblower Retaliation in Violation of California Labor Code § 1102.5; (12) Negligent Supervision; (13) Negligent Retention/Hiring; and (14) Intentional Infliction of Emotional Distress.

4.      On June 9, 2022, Conagra filed its Answer to Plaintiff's Complaint with the superior court.

5.      Other than the documents included in Exhibit A, including Conagra's Answer, no other documents have been filed with the superior court in this action. Declaration of Allison M. Scott, at ¶¶ 4 and 5.

6.      As required by 28 U.S.C. § 1446(d), the undersigned counsel certifies that Conagra will serve a notice of removal on Plaintiff's counsel and file it with the Clerk of Stanislaus County Superior Court.

7.      Venue for this action lies in the United States District Court for the Eastern District of California, Fresno Division, under 28 U.S.C. § 1441 because it is the judicial district in which the action was filed and where the case is pending.

## II.     ORIGINAL JURISDICTION – DIVERSITY JURISDICTION

8.      This Court has original jurisdiction over this action under 28 U.S.C. § 1332, and this action is one which may be removed to this Court by Conagra under 28 U.S.C. § 1441(b) because (1) there is complete diversity of citizenship between Plaintiff and Conagra; and (2) the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

### A.      Complete Diversity of Citizenship Exists

9.      Citizenship of the parties is determined by their citizenship status at the commencement of the action. 28 U.S.C. § 1332(d)(7).

10.     **Plaintiff's Citizenship.**  Conagra is informed and believes that Plaintiff is, and at all relevant times was, a resident of and domiciled in California. Compl. ¶ 1. Consequently, for purposes of diversity jurisdiction under 28 U.S.C. § 1332(a)(1), Plaintiff is a citizen of California.

11.     **Corporate Defendant's Citizenship.**  A corporate defendant is a citizen of any state where it is incorporated and where its principal place of business is located. 28 U.S.C. § 1332(c).

12. A corporation's principal place of business is determined by the "nerve center" test, which looks to where the corporation maintains its corporate headquarters and where the corporation's officers direct, control, and coordinate the corporation's activities. *Hertz Corp. v. Friend*, 559 U.S. 77, 90-94 (2010).

13. Conagra is incorporated in the state of Delaware. Declaration of Sonia Waiters, at ¶ 4, attached as Exhibit B [hereafter "Waiters Decl. ¶ __."].

14. Conagra maintains its corporate headquarters and principal place of business in Chicago, Illinois. Waiters Decl. ¶ 4.

15. Conagra's management-level executives and corporate officers maintain offices in Chicago and its corporate decisions are made through its Chicago headquarters. Waiters Decl. ¶ 5. Thus, Illinois is Conagra's "nerve center."

16. Conagra is therefore a citizen of Delaware and Illinois for diversity purposes. 28 U.S.C. § 1332(c)(1).

17. Based on the foregoing, complete diversity exists between Plaintiff and Conagra because Plaintiff is a citizen of California and Conagra is a citizen of Delaware and Illinois.

18. **Doe Defendants**. In determining whether a civil action is removable under 28 U.S.C. § 1332(a), citizenship of defendants sued under fictitious names shall be disregarded. 28 U.S.C. § 1441(b). Thus, the existence of Doe Defendants one through fifty does not deprive this Court of jurisdiction.

B. **The Amount in Controversy Requirement is Satisfied**

19. The amount in controversy requirement under 28 U.S.C. § 1332(a) requires that the matter in controversy exceed the sum or value of $75,000.00, exclusive of interests and costs. 28 U.S.C. § 1332(a).

20. Where, as here, a plaintiff's state court complaint is silent as to the amount of damages claimed, the removing defendant need only establish that it is more probable than not that the plaintiff's claims exceed the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.*, 95 F.3d 856, 860-61 (9th Cir. 1996).

21. "In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Cain v. Hartford Life & Accident Ins. Co.*, 890 F. Supp. 2d 1246, 1249 (C.D. Cal. 2010). Of course, Conagra denies that Plaintiff is entitled to any relief.

22. Plaintiff's Complaint seeks compensatory damages; special damages; general damages; punitive and exemplary damages; Labor Code penalties; and attorneys' fees. Compl. at "Prayer for Relief."

23. Plaintiff is a current Conagra employee with a base hourly rate of $25.28. Waiters Decl. at ¶ 6. Defendant is informed and believes that Plaintiff's average hourly rate for the past four years is $23.56. For the past three years, Plaintiff earned approximately $129,955.82 in total. Waiters Decl. at ¶ 7.

24. Plaintiff's Complaint alleges a general mix of Labor Code wage and hour claims, FEHA claims, and common law claims. *See* Compl.

25. As part of her Labor Code wage and hour claims, Plaintiff alleges that Conagra "had a pattern and practice of requiring its employees to be on duty **at all times**" and thus "regularly failed" to provide Plaintiff with compliant meal periods. Compl. ¶¶ 22-23 (emphasis added).

26. Plaintiff's meal period claim has a four-year limitation period. Based on Plaintiff's average hourly rate of pay of $23.56 during this time, the amount in controversy for Plaintiff's meal period claim is at least **$24,502.40**: $23.56 x five meal period violations per week x 208 workweeks = $24,502.40.

27. Plaintiff similarly alleges that Conagra "had a pattern and practice of requiring its employees to be on duty **at all times**" and therefore "regularly failed" to provide Plaintiff with compliant rest periods as required by the Labor Code. Compl. ¶ 31 (emphasis added).

28. Plaintiff's rest period claim has a four-year limitation period. Based on Plaintiff's average hourly rate of pay of $23.56 during this time, the amount in controversy

for Plaintiff's meal period claim is at least **$24,502.40**: $23.56 x five rest period violations per week x 208 workweeks = $24,502.40.

29. Plaintiff's third cause of action seeks penalties for allegedly inaccurate wage statements. Compl. ¶¶ 36-39.

30. Plaintiff alleges that she received deficient wage statements because they "did not include wages for missed meal and rest periods." Compl. ¶ 38.

31. Because only a single violation per pay period triggers a wage statement violation, Plaintiff is conceivably alleging that every wage statement she received during the limitations period was deficient and entitles to her penalties. Therefore, Plaintiff's wage statements claim places **$4,000.00** in controversy.

32. Based on Plaintiff's wage and hour claims alone—before considering any of Plaintiff's FEHA, whistleblower, or common law claims—the amount in controversy is **$53,004.80**.

33. Plaintiff's Complaint also alleges that, as a result of the alleged discrimination, harassment, and retaliation, she has suffered "actual, consequential, and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial." *See, e.g.*, Compl. ¶ 48.

34. Plaintiff's Complaint does not specify the "loss of salary and benefits" she has incurred. Therefore, Conagra will reasonably presume that Plaintiff is seeking at least 20% of her annual earnings as wage-based damages under these claims. Since Plaintiff does not include the dates of alleged adverse employment actions, Conagra may reasonably assume that Plaintiff is seeking wage-based damages for the entire three-year limitations period. Plaintiff earned approximately $129,955.82 over the past three years. Waiters Decl., ¶ 7. Therefore, these claims place approximately **$25,991.16** in controversy for her wage-based damages.

35. Plaintiff's allegations of discrimination, harassment, and retaliation, along with her wage and hour Labor Code allegations, place at least **$78,995.96** in controversy. This alone satisfies the jurisdictional amount.

36. Plaintiff also seeks damages for emotional distress. Compl. ¶¶ 14, 58, 67, 75, 82, 89, 97, 101, 114-19. District courts throughout California routinely consider emotional distress damages when determining the amount in controversy for removal purposes. *See, e.g.*, *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1031-35 (N.D. Cal. 2002) (considering emotional distress damages when finding amount in controversy exceeded $75,000.00). When analyzing emotional distress damages, courts in this district look to jury verdicts from similar cases. *See Adkins v. J.B. Hunt Transport, Inc.*, 293 F. Supp. 3d 1140, 1146-47 (E.D. Cal. 2018) (considering emotional distress damages when determining the amount in controversy to be more than $75,000.00 by looking at similar verdicts).

37. Considering jury verdicts from similar cases, the amount in controversy for Plaintiff's emotional distress damages alone exceeds the necessary threshold for removal. *See, e.g.*, *Passantino v. Johnson*, 212 F.3d 493 (9th Cir. 2000) (upholding $1 million emotional distress award in discrimination case where the plaintiff neither sought nor obtained psychiatric treatment); *Avila v. Kiewit Corporation*, Case No. CV 19-5740-MWF-JPR, 2019 WL 4729641, at *3 (C.D. Cal. Sept. 26, 2019) (including emotional distress damages in amount in controversy calculation where verdicts in other employment discrimination cases awarded $45,000.00 and $125,000.00 for emotional distress damages).

38. Finally, in determining the amount in controversy, the Court must also include attorneys' fees. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 698 (9th Cir. 2007); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998). The Court may consider the number of hours and the hourly rate of Plaintiff's counsel in assessing the potential amount of an attorneys' fee award. Assuming that Plaintiff's counsel in this case has an hourly rate of at least $400.00, and conservatively estimating that Plaintiff's

counsel will spend at least 200 hours litigating Plaintiff's claims to verdict, the attorneys' fees alone (calculated as [$400 hourly rate x 200 hours = $80,000.00]) exceed $75,000.00. Plaintiff's prayer for recovery of attorneys' fees is further evidence that the amount in controversy exceeds $75,000.00, as already established above.[1]

39. Accordingly, a review of the allegations contained in Plaintiff's Complaint demonstrates that it is more probable than not that Plaintiff's claims, as pled, exceed the $75,000.00 minimum jurisdictional amount for diversity jurisdiction in this Court.[2]

### III. CONCLUSION

40. As established above, there is complete diversity between the parties and the amount in controversy exceeds $75,000.00. Therefore, this Court has original jurisdiction pursuant to 28 U.S.C. § 1441.

41. Defendant Conagra Brands, Inc. respectfully removes this action now pending in the Superior Court of California in and for Stanislaus County to the United States District Court for the Eastern District of California.

DATED: June 9, 2022

By: */s/ Allison Scott/*
Allison M. Scott (305989)
allison.scott@huschblackwell.com
**HUSCH BLACKWELL LLP**
300 South Grand, Suite 1500
Los Angeles, CA  90012
Telephone: (213) 337.6550
Facsimile: (213) 337.6551
Attorneys for Defendant
Conagra Brands, Inc.

---

[1] Plaintiff also alleges that she seeks special damages and punitive damages. *Simmons*, 209 F. Supp. 2d at 1031 (special damages and punitive damages should also be included when calculating amount in controversy for diversity jurisdiction).

[2] Additionally, on Plaintiff's Civil Case Cover Sheet, Plaintiff checked the box indicating that she is seeking "Unlimited" monetary damages. See Exhibit A, Form CM-010.

### DECLARATION OF ALLISON M. SCOTT.

I, Allison M. Scott, do declare as follows

1. I am an attorney duly licensed to practice law before the Courts of the State of California, and all federal courts, including the Eastern District of California. I am counsel of record for Defendant Conagra Brands, Inc.

2. I know the following facts of my own personal knowledge in this matter, and, if called to testify as a witness, I could and would testify competently.

3. Upon information and belief, Plaintiff served the Summons and Complaint and all other related court documents on Defendant on May 10, 2022.

4. Attached hereto as Exhibit "A" is a true and correct copy of the Summons and Complaint, *Michelle Snow v. Conagra Brands, Inc.*, Case No. CV-22-001481 served by Plaintiff upon the Defendant on May 10, 2022.

5. Exhibit A also includes the remaining documents issued and served in this case, including but not limited to Defendant's Answer.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 9th day of June, 2022.

_____
ALLISON M. SCOTT, Declarant

# CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on this 9th day of June, 2022, the foregoing was filed with the Court via the Court's CM/ECF System and was served via email upon the following. The documents will be sent via first-class U.S. Mail on the 10th day of June, 2022.

| | |
|---|---|
| Johnny Rundell<br>Elias K. Fakhoury<br>HERSHEY LAW, P.C.<br>16255 Ventura Blvd., Suite 1205<br>Encino, CA  91436<br>jrundell@hersheylaw.com<br>efakhoury@hersheylaw.com | ATTORNEYS FOR PLAINTIFF |

/s/ Allison M. Scott
Attorney for Defendant